# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Shaun DeMello,**<br>　　*Plaintiff* | § <br> § <br> § <br> § | |
| **v.** | § <br> § | |
| **Williamson County Court at Law No. 5** | § | **No. 1:26-cv-01227-RP** |
| **Judge Will Ward; Williamson County**<br>**Clerk Nancy E. Rister; Gergory M.**<br>**McCarthy; and 7905 San Felipe Owner LP**<br>**d/b/a Summer Grove,**<br>　　*Defendants* | § <br> § <br> § <br> § <br> § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**　　　　UNITED STATES DISTRICT JUDGE**

Before the Court are Plaintiff Complaint (Dkt. 1), Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion to Appoint Counsel (Dkt. 3), all filed May 11, 2026.[1]

## I.　Background

Plaintiff Shaun DeMello challenges his eviction in Williamson County, Texas. Complaint, Dkt. 1. On February 10, 2026, the owner of DeMello's apartment complex, 7905 San Felipe LP d/b/a Summer Grove, served DeMello with a Notice to Vacate the property. Dkt. 1-8 at 14. DeMello did not vacate and Summer Grove filed an eviction suit in Williamson County Justice of the Peace Court One ("JP Court") under Texas Property Code § 24.00505. *Summer Grove v.*

---

[1] The District Court referred to this Magistrate Judge the motion for appointment of counsel for disposition and a determination on whether the case should be dismissed under 28 U.S.C. § 1915 for frivolousness for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules, and the District Court's Standing Order on referrals to United States Magistrate Judges.

*DeMello*, No.1JC-26-1364 (JP Court No. 1, Williamson Cnty., Tex. Mar. 26, 2026).[2] The JP Court entered judgment for Summer Grove and issued an eviction order on April 14, 2026. *Id.* DeMello appealed the Eviction Order to Williamson County Court at Law No. 5. *Summer Grove v. DeMello,* No. 26-0851-CC5 (Cnty. Ct. at Law No. 5, Williamson Cnty., Tex. April 27, 2026). The County Court at Law affirmed and issued a final writ of possession on May 12, 2026. *Id.*

Proceeding *pro se*, DeMello brings this civil rights suit under 42 U.S.C. § 1983 against the county judge who presided over his eviction appeal, the Honorable Will Ward; Williamson County Clerk Nancy Rister, Deputy Clerk "KP," and Clerk Coordinator Summer Grove; and attorney Gregory McCarthy. Dkt. 1. DeMello alleges that his eviction and eviction proceedings violated his due process rights and the Americans with Disabilities Act ("ADA") and was retaliatory under 42 U.S.C. § 12203. DeMello also asserts state law claims for fraud, misrepresentation, theft, conversion, unauthorized practice of law, and violations of the Deceptive Trade Practices Act. He asks the Court to enjoin his eviction and declare the state courts' eviction orders and judgments void. *Id.* at 3. DeMello also seeks to file his Complaint without paying the filing fee (Dkt. 2) and requests court-appointed counsel (Dkt. 3).[3]

## II.    Application to Proceed *In Forma Pauperis*

Under 28 U.S.C. § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that he cannot pay such fees or security. To determine whether a particular order causes undue financial hardship, a court must examine the financial condition of the *in forma pauperis* applicant. *Prows v. Kastner*, 842

---

[2] DeMello refers to his state court proceedings in his Complaint and attaches some of those pleadings to his Complaint. The Court also may take judicial notice of DeMello's state court proceedings as a matter of public record under Federal Rule of Evidence 201. *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019) ("We may take judicial notice of prior court proceedings as matters of public record.").

[3] Plaintiff also seeks a TRO to stop the eviction, which is pending before the District Court. Dkt. 4.

F.2d 138, 140 (5th Cir. 1988). "A district court's determination of whether a party may proceed in forma pauperis must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024).

Based on his financial affidavit, the Court finds that DeMello cannot pay the filing fee without experiencing undue financial hardship. Accordingly, the Court **GRANTS** his Application for *in forma pauperis* status. *In forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C. § 1915(e). DeMello also is informed that although he has been granted leave to proceed *in forma pauperis*, a Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

Because the Court recommends dismissing DeMello's Complaint under § 1915(e)(2)(B), service is not ordered.

### III.    Section 1915(e)(2) Frivolousness Review

Because DeMello has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under 28 U.S.C. § 1915(e)(2). A court may summarily dismiss a complaint filed *in forma pauperis* if it determines that the action is (1) "frivolous or malicious"; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is "frivolous" when it lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law "if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citation omitted). A claim also is legally frivolous when the court lacks subject matter jurisdiction over it. *Hanlan v. United States*, No. SA-25-CV-00500-XR, 2025 WL 2673903, at *1 (W.D. Tex. Sept. 17, 2025).

3

## A. Absolute Immunity

Judges enjoy absolute immunity from suit for acts undertaken in their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 10 (1991) (finding judicial immunity to be absolute and "not overcome by allegations of bad faith or malice" or corruption). Because DeMello alleges conduct in connection with Judge Ward's official acts, his claims trigger judicial immunity.

The Supreme Court has explained that two limited exceptions to this doctrine exist: acts the judge takes in a non-judicial capacity, and "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 11-12. This Magistrate Judge finds that neither exception applies here and that DeMello's claims against Judge Ward are barred by absolute judicial immunity.

Court clerks also "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's discretion." *Clay v. Allen*, 242 F.3d 679, 682 (5th Cir. 2001). DeMello's claims against the county clerk and deputy clerk also are barred.

## B. *Rooker-Feldman* Doctrine

DeMello's suit is also barred under the *Rooker-Feldman*[4] doctrine. "Subject matter jurisdiction defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The jurisdiction of the federal courts is established by the Constitution and congressional statutes. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000). Article III of the Constitution provides that the "judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, and the Laws of the United States." U.S. CONST. art. III, § 2.

---

[4]*Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983).

4

DeMello's suit is framed as arising under the laws of the United States: § 1983 and the ADA. His suit thus falls within the boundaries of the potential jurisdiction of the federal courts as established by Article III of the Constitution. *Weekly*, 204 F.3d at 615.

> No statute exists, however, granting federal district courts jurisdiction to hear appeals from state court decisions. 28 U.S.C. § 1257 provides that "final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari." No parallel provision exists similarly granting appellate jurisdiction over state court decisions to the inferior federal courts. The Supreme Court has definitively established, in what has become known as the *Rooker-Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state trial court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court.

*Id.* (cleaned up). Under the *Rooker-Feldman* doctrine, litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Eitel v. Holland*, 798 F.2d 815, 818 (5th Cir. 1986). When constitutional claims presented in federal court are "inextricably intertwined" with the state court's ruling, "the federal court should not entertain the claims." *Id.*

Although DeMello asserts civil rights claims, they are "inextricably intertwined" with the state court's eviction orders and final judgment. His suit thus is barred under the *Rooker-Feldman* doctrine. *See, e.g.*, *Liedtke*, 18 F.3d at 318 (affirming dismissal of § 1983 suit when plaintiff's claims were "inextricably intertwined" with state court judgment); *Rangel v. ASLM II*, No. EP-24-CV-00436-DCG, 2025 WL 2731841, at *2 (W.D. Tex. Sept. 25, 2025) (finding that plaintiff's suit challenging a state court eviction order was barred and dismissing it under § 1915(e)(2)(B)); *Lafta v. Texas*, No. 1:24-CV-00527-RP-SH, 2024 WL 2834498, at *3 (W.D. Tex. June 3, 2024) (same), *R. & R. adopted*, 2024 WL 3908738 (W.D. Tex. Aug. 22, 2024), *aff'd*, 2025 WL 1157553 (5th Cir. Apr. 21, 2025); *Goulla v. Wells Fargo Bank*, No. 1:21-CV-1042-RP-SH, 2022 WL 1237601, at *4

(W.D. Tex. Apr. 26, 2022) (same), *R. & R. adopted*, 2022 WL 17732689 (W.D. Tex. Aug. 18, 2022).

For these reasons, this Magistrate Judge recommends that DeMello's suit be dismissed as frivolous under § 1915(e)(2)(B) for lack of subject matter jurisdiction. *Hanlan*, 2025 WL 2673903, at *1.

### IV.    Motion for Appointment of Counsel

DeMello also asks the Court to appoint counsel to represent him. A *pro se* plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). A district court need not appoint counsel for an indigent plaintiff in a civil lawsuit unless exceptional circumstances warrant an appointment. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional circumstances warrant appointment of counsel include the: (1) type and complexity of the case; (2) plaintiff's ability adequately to present and investigate his case; (3) presence of evidence that largely consists of conflicting testimony, requiring skill in presentation and cross-examination; and (4) likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the proceeding and assisting in just determination. *Id.*

The Court finds that DeMello has not shown exceptional circumstances warranting appointment of counsel. The issues presented do not appear to be particularly complex, and DeMello has adequately and coherently litigated his case thus far. Because he has not presented exceptional circumstances to warrant the appointment of counsel, DeMello's Motion to Appoint Counsel (Dkt. 3) is **DENIED**.

## V.    Order

The Court **GRANTS** DeMello's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **DENIES** his Motion to Appoint Counsel (Dkt. 3).

## VI.    Recommendation

This Magistrate Judge **RECOMMENDS** that the District Court **DISMISS** without prejudice Plaintiff Shaun DeMello's lawsuit as frivolous under 28 U.S.C. § 1915(e)(2).

It is **ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

## VII.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 14, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

7